UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00940 DMG (JCx)** | Date | February 17, 2012 |
|---|---|---|---|

| Title | ***Rodney Joseph Rouzan v. Bank of America N.A., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION
SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER
JURISDICTION**

On February 2, 2012, Plaintiff filed a complaint in this Court.  Plaintiff asserts jurisdiction under 18 U.S.C. § 1341.  This statute, however, merely establishes mail fraud as a criminal offense.  It does not vest this Court with jurisdiction over criminal prosecutions for mail fraud,[1] which in any event must be prosecuted by the government—not by private individuals such as Plaintiff.  *See Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 408 (8th Cir. 1999) (holding that Section 1341 does not provide a private right of action); *Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1177-79 (6th Cir. 1979) (same); *Bell v. Health-Mor, Inc.*, 549 F.2d 342 (5th Cir. 1977) (same); *see also Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) (noting that the Supreme Court has been "quite reluctant to infer a private right of action from a criminal prohibition alone").  Thus, 18 U.S.C. § 1341 does not provide a basis for jurisdiction.

Nor is any jurisdictional basis apparent from the face of the complaint.  Under 28 U.S.C. § 1332(a)(1), courts have diversity jurisdiction if at least $75,000 is in controversy and the action arises between "citizens of different States."[2]  To establish diversity jurisdiction, there must be "complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).  Here, both Plaintiff and Defendant ReconTrust Company N.A. appear to be California citizens, thus defeating diversity.  (*See* Compl. ¶¶ 3, 5.)

---

[1] District courts have jurisdiction over mail fraud prosecutions pursuant to 18 U.S.C. § 3231.  *See, e.g.*, *United States v. Dorotich*, 900 F.2d 192, 192 (9th Cir. 1990).

[2] Plaintiff meets the amount in controversy requirement by demanding damages of approximately $1,230,000.  (Compl. at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-00940 DMG (JCx)** | | Date | February 17, 2012 |
|---|---|---|---|---|

| Title | ***Rodney Joseph Rouzan v. Bank of America N.A., et al.*** | Page | 2 of 2 |
|---|---|---|---|

      Under 28 U.S.C. § 1331, district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." A case "arises under" federal law within the meaning of Section 1331 "if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S.Ct. 2121, 165 L.Ed.2d 131 (2006)) (internal quotation marks omitted). Plaintiff's claim—"commission of fraud by concealment"—does not appear to arise under federal law. Thus, there appears to be no federal question jurisdiction.

      Therefore, Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file his response by no later than **February 27, 2012**. **Failure to file a satisfactory response will result in the dismissal of this action.**[3]

**IT IS SO ORDERED.**

---

[3] Although Plaintiff is proceeding *pro se*, *i.e.*, without legal representation, he nonetheless is required to follow both the Local Rules and the Federal Rules of Civil Procedure. *See* C.D. Cal. L.R. 83-2.10.3. The Court may not provide legal advice to any party, including *pro se* litigants. There is a "*Pro Se* Clinic" operating within the courthouse that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and is staffed by lawyers and a paralegal. The clinic is open to members of the public on Mondays, Wednesdays, and Fridays from 9:30 a.m. to noon and 2:00 p.m. to 4:00 p.m. It is located in room 525 on the fifth floor of the United States Courthouse at 312 North Spring Street, Los Angeles, California. In addition, some information for *pro se* litigants can be found on the Central District's website. *See* Representing Yourself in Federal Courts, http://www.cacd.uscourts.gov/cacd/ProSe.nsf.